U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2010 OCT 22  AM 11: 05

BY _____ CLERK
          DEPUTY CLERK

| | |
|---|---|
| **CHEVRON CORPORATION,**<br><br>                                    **Petitioner,**<br>To Issue Subpoenas For The Taking Of Depositions And The Production Of Documents. | Civil Action No: 2:10-mc-91 |

### *EX PARTE* APPLICATION OF CHEVRON CORPORATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 TO CONDUCT DISCOVERY ON DOUGLAS C. ALLEN FOR USE IN FOREIGN PROCEEDINGS

Based upon the accompanying memorandum of points and authorities, the accompanying declaration of Claudia M. Barrett ("Barrett Decl."), and the accompanying Requests for Judicial Notice, Chevron Corporation ("Chevron") hereby applies to this Court *ex parte* for an Order, pursuant to 28 U.S.C. §1782, and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, granting this application to serve Douglas C. Allen ("Respondent") with the subpoena annexed to the Barrett Decl. as Exhibit A, or, in the alternative, for an Order to Show Cause why the subpoena should not issue and establishing an expeditious briefing schedule to resolve any objections.

The requirements of §1782 are met by Chevron's Application. First, Respondent resides or may be found in the District of Vermont. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals, each of which is sufficient, alone, to satisfy the requirements of §1782: (1) *Maria Aguinda y Otros v. Chevron Corporation*, pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation"), and (2) *Chevron Corporation and Texaco Petroleum Company vs. The Republic Of Ecuador*, an arbitration claim under the Bilateral Investment Treaty between the United States and Ecuador pending in the Permanent Court of Arbitration in the Hague (the "Treaty Arbitration"). Third, as a litigant in each of those proceedings, Chevron is an "interested person" within the meaning of §1782.

The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also weigh in favor of granting the Application. Respondent is not a "participant" in either the Lago Agrio Litigation or the Treaty Arbitration. Both arbitral tribunals and Ecuadorian courts have been historically receptive to §1782 assistance from federal courts. *See In re Applic. of Chevron Corp.* ("*Berlinger*"), 709 F. Supp. 2d 283 (S.D.N.Y. 2010); Request for Judicial Notice of U.S. Filings and Orders ("U.S. Filings RJN") Ex. C (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 4:10-mc-134, Order (S.D. Tex. Apr. 5, 2010)); *id.*, Ex. B (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-JLK, Trans. (D. Colo. Mar. 4, 2010)); *id.* Ex. A at 9 (*In re Applic. of Chevron Corp.*, No. 1:10-mi-00076-TWT-GGB, Order (N.D. Ga. Mar. 2, 2010); *id.* Ex. D (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D.N.J. June 11, 2010); *see also In the Matter of Campania Chilena de Navegacion Interoceanica S.A.*, No. 03-cv-5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D. N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09-mc-265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009).

The Application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. A petitioner under §1782 need not show that the evidence sought would be discoverable or admissible in the foreign jurisdiction. *Intel*, 542 U.S. at 261. Rather, in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-cv-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). In this case, Chevron's request for discovery is a good faith effort to obtain probative evidence that is not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

Chevron has filed a number of related §1782 petitions seeking discovery regarding the Lago Agrio Litigation and the Treaty Arbitration, which have been granted by each of the eleven federal district courts to have decided them. *See* U.S. Filings RJN, Ex. A at 8-12 (Order (N.D. Ga. Mar. 2, 2010) (authorizing deposition and document discovery of Charles Calmbacher)); *id.*, Ex. B at 8 (H'g Tr. (D. Colo. Mar. 4, 2010) (authorizing subpoenas to issue for depositions and documents from Plaintiffs' environmental consultants Stratus Consulting)); *id.*, Ex. C (Order (S.D. Tex. Apr. 5, 2010) (granting discovery of Plaintiffs' consultants 3TM Consulting)); *In re Applic. of Chevron Corp.* ("*Berlinger*"), 709 F. Supp. 2d 283 (S.D.N.Y. 2010) (authorizing discovery from film *Crude* producer Joe Berlinger); U.S. Filings RJN, Ex. D at 47 (H'g Tr. (D.N.J. Jun. 11, 2010) (authorizing subpoenas for depositions and documents from Plaintiffs' consultant UBR)); *id.*, Ex. Q (Order (C.D. Cal. Jun. 23, 2010)); Barrett Decl., ¶ 33 (court authorizing subpoenas to issue for depositions and documents from E-Tech)); US Filings RJN, Ex. F at 13 (Minute Order (D.D.C. July 22, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray)); *id.*, Ex. H (Order (M.D. Tenn. Aug. 17, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' consultant Mark Quarles)); *id.*, Ex. G (Order (S.D.N.Y. Aug. 6, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' lead counsel, Steven Donziger)); *id.*, Ex. J (Order (D.N.M. Sept. 2, 2010) (authorizing subpoena for depositions and documents from Plaintiffs' consultant Dick Kamp)); *Chevron v. Champ* ("*Champ*"), No. 1:10-mc-27, 2010 WL 3418394 (W.D.N.C. Aug. 30, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' consultant Charles Champ); U.S. Filings RJN, Ex. R (Order (D.D.C. Oct. 20, 2010) (granting application for deposition and documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray)); *id.*, Ex. S (Order (S.D.N.Y. Oct. 20, 2010) (denying motion to quash subpoena for depositions and documents from Plaintiffs' counsel Steven Donziger)).

Plaintiffs began opposing these Applications after the proceeding in Georgia resulted in testimony from one of their former experts, Dr. Charles Calmbacher, revealing that Plaintiffs had submitted in the Lago Agrio Litigation two reports under Dr. Calmbacher's name, assessing

millions in remediation costs, that Dr. Calmbacher did not author: "I did not reach these conclusions and I did not write this report." Barrett Decl., Ex. M at 116:9-10. Several courts have addressed Plaintiffs' various objections to discovery and all have rejected them. *See, e.g., Berlinger*, 709 F. Supp. 2d 283; U.S. Filings RJN, Ex. O at *13 (*In re Applic. of Chevron Corp. v. 3TM Consulting, LLC*, No. 10-mc-134, 2010 U.S. Dist. LEXIS 50113 (S.D. Tex. May 20, 2010)); *id.*, Ex. P (*Chevron Corp. v. Berlinger*, Nos. 10-1918-cv, 10-1966-cv (2d Cir. July 15, 2010)); *Champ*, 2010 WL 3418394. Nonetheless, Chevron anticipates that Plaintiffs will oppose this discovery.

Chevron needs this discovery urgently. A hearing in the Treaty Arbitration is scheduled for November 22 and 23, 2010. Chevron needs the requested discovery to complete the picture of fraud and collusion that it has been building against the government of Ecuador. The same is true of the Lago Agrio Litigation. With the Plaintiffs in that case pressing for a speedy resolution, a judgment could be entered at any time. Accordingly, Chevron respectfully requests that this Court grant this *ex parte* application, or, in the alternative, issue an Order to Show Cause establishing a rapid briefing schedule to resolve any objections.

If an Order to Show Cause is issued, Chevron proposes that Respondent be granted one week from the date of the issuance of the Order to Show Cause to oppose the discovery, that Chevron receive three days for its reply, and that, if the Court believes a hearing would be helpful, that it be held at the earliest possible time the Court can accommodate. Upon resolution of any objections, Chevron respectfully requests that this Court enter an Order, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §1782, granting it leave to issue the subpoena annexed to the Barrett Decl. as Ex. A and taking notice that said subpoena has been properly served, in accordance with Rule 45, on Respondent when served as an executed attachment to the Barrett Declaration.

DATED: October 22, 2010

Respectfully submitted,

*[signature]*

Robert DiPalma, Esq.
PAUL FRANK + COLLINS
One Church Street
Burlington, VT 05401
T: (802) 658-2311
F: (802) 658-0042
E: RDipalma@PFClaw.com

Randy M. Mastro, Esq. (*Pro Hac Vice* Pending)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193
T: (212) 351-4000
F: (212) 351-4035
E: rmastro@gibsondunn.com

Andrea E. Neuman, Esq. (*Pro Hac Vice* Pending)
GIBSON, DUNN & CRUTCHER, LLP
3161 Michelson Drive
Irvine, CA 92612-4412
T: (949) 451-3937
F: (949) 451-4220
E: ANeuman@gibsondunn.com

Peter E. Seley, Esq. (*Pro Hac Vice* Pending)
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
T: (202) 887-3689
F: (202) 530-9594
E: PSeley@gibsondunn.com

Attorneys for Applicant
CHEVRON CORPORATION